(17 Misc. Rep. 414)

BOWE, County Treasurer, v. McNAB et al.

(Supreme Court, Trial Term, Albany County. June, 1896.)

TAXATION—EXECUTORS—POSSESSION OF PERSONALTY.

    Executors are not in possession of personalty of their testator, so as to render them taxable therefor (1 Rev. St. p. 389, § 5), where testator had conveyed all his personal property to trustees to manage during his life, and on his death to transfer and deliver it to persons entitled thereto under his will, as in such case the property is in the possession of the trustees.

Action by John Bowe, as treasurer of Albany county, against Peter D. McNab and others, as executors of the will of John Cumming, deceased, to recover a tax on personal property. Defendants' testator, several years before his death, conveyed all his personal property to Charles E. Robertson, of the city of Brooklyn, in trust, to care for and manage the same, and to transfer and deliver the same, on testator's death, to persons who, under his will, should be entitled thereto.

Mark Cohn, for plaintiff.

Rieck & Wachsman, for defendants.

EDWARDS, J. The jurisdiction of the assessors to make the assessment in question depended upon the existence of two facts,— the residence of the defendants in the ward when the assessment was made, and their possession or control, as executors, of personal property of their testator. The concurrence of these facts was essential to make them "taxable inhabitants." 1 Rev. St. p. 389, § 5; Laws 1850, c. 86, § 53. The latter of these jurisdictional facts did not exist. Since the death of the testator, the legal title to the property has been vested in a trustee, residing in Kings county, who has had possession and control. I am of opinion, therefore, that the assessment is void, and the defendants are entitled to judgment, with costs.

Ordered accordingly.